UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID BORUS,

                Plaintiff,

  - against -

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 24, 2011

09 Civ. 4723 (PAC)(RLE)

<u>ORDER ADOPTING R&R</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff David Borus ("Plaintiff") commenced this action on May 20, 2009, challenging a final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability benefits. Plaintiff moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), requesting that the Court reverse the Commissioner's decision that he was not disabled under the Social Security Act (the "Act"), and to remand the case solely for the calculation of benefits. On April 13, 2011, Magistrate Judge Ellis issued his Report and Recommendation ("R&R") that the Court grant Plaintiff's motion and the case be remanded solely for the calculation of benefits. Having reviewed Magistrate Judge Ellis' R&R, the Court adopts the Report and Recommendation in its entirety. Accordingly, Plaintiff's motion is GRANTED and the case is remanded solely for the calculation of benefits.

## **BACKGROUND**[1]

Prior to December 3, 2004, Plaintiff worked at several firms as a stockbroker, trader, and trade support worker. In 2004, he began suffering from shooting pains in both of his legs that

---

[1] Unless otherwise indicated, the facts are taken from the R&R.

made it difficult for him to stand.  On December 6, 2004, Plaintiff underwent back surgery which eliminated his leg pains but which left him with constant lower back and abdominal pain. Plaintiff was prescribed Oxycontin to treat the pain, which Plaintiff alleges caused constipation and hemorrhoids. In 2005, Plaintiff underwent carpal tunnel release surgery on his hands to correct "locked trigger thumb" and "double crush syndrome."  On April 13, 2005, Plaintiff filed an application for disability insurance benefits with the Social Security Administration ("SSA"), alleging that he became disabled on December 6, 2004. Plaintiff's application was denied.

After Plaintiff's application was denied, he requested a hearing before an administrative law judge ("ALJ"). The hearing was held on December 11, 2006, and on February 19, 2006, the ALJ issued an opinion, finding that Plaintiff was not entitled to disability benefits under the Act. The ALJ held that Plaintiff was capable of performing sedentary work, that the subjective symptoms reported by Plaintiff were inconsistent with his medical records, and that no clinical or test findings existed to support Plaintiff's claimed inability to work following his surgery. Plaintiff submitted additional treatment reports to the Appeals Council, which denied his request for review on March 16, 2009.  Plaintiff commenced this action on May 20, 2009, and the Court referred the case to Magistrate Judge Ellis on June 2, 2009.

Magistrate Judge Ellis issued his R&R on April 13, 2011, recommending that the Court grant Plaintiff's motion for a judgment on the pleadings and that the case be remanded solely for the calculation of benefits.  Magistrate Judge Ellis reviewed the evidence in the administrative record and found the ALJ should have given controlling weight to the opinions of Plaintiff's treating physicians, that the ALJ may not arbitrarily substitute their own judgment for that of a treating physician, and that the ALJ's use of the Medical Vocational Guidelines to determine Plaintiff's work capacity was improper.  No objections to the R&R were filed by either party.

**DISCUSSION**

In reviewing an R&R, a Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A reviewing court does not assess the question of whether a claimant is disabled *de novo*. Prattis v. Chater, 94 F.3d 34, 37 (2d Cir. 1996). Instead, the Court must consider whether the Commissioner applied the correct legal standard in coming to its decision and, if so, whether the decision was supported by substantial evidence in the record. Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997). If the ALJ applied the wrong legal standard or the ALJ's decision was not supported by substantial evidence, the ALJ's decision should be reversed. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).

Plaintiff asserts three grounds for reversal of the Commissioner's rejection of his application for disability benefits. First, Plaintiff argues the ALJ's finding that Plaintiff's adrenal insufficiency, rectal problems, and hand problems were not severe was incorrect. (R&R 12.) Second, Plaintiff claims that the ALJ's conclusion that Plaintiff could perform sedentary work was not supported by substantial evidence because the ALJ failed to properly take into account the opinions of Plaintiff's treating physicians. (Id.)  Third, Plaintiff contends that the ALJ's use

3

of the Medical Vocational Guidelines to determine that Plaintiff could perform work other than his past work as a stockbroker was inappropriate. (Id.)

"Under the Act, every individual who has a disability is entitled to disability insurance benefits." 42 U.S.C. § 423(a)(1). To determine whether an individual is disabled under the Act, the Commissioner must conduct a five-step inquiry: (1) determine whether the claimant is engaged in any substantial gainful activity; (2) if so, determine whether the claimant has a "severe impairment" which significantly limits his ability to work; (3) if so, determine whether the impairment is one of the conditions for which the Commissioner presumes disability; (4) if not, determine whether the claimant is able to perform his past work despite the disability; and (5) if not, determine whether the claimant can perform other work." (R&R 10 (citing Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).)

The ALJ determined that Plaintiff's adrenal insufficiency, rectal problems, and hand issues were not severe, and Magistrate Judge Ellis found that this determination was supported by substantial evidence. (R&R 13.) Specifically, Magistrate Judge Ellis found that the adrenal insufficiency condition predated the onset of plaintiff's alleged disability and had not prevented plaintiff from working. (Id.) Plaintiff also testified that both his hand surgeries were successful, and there were no medical records indicating continued problems with either hand. (Id.) Finally, although the record indicates that Plaintiff's rectal problems caused him pain and discomfort, it does not establish that Plaintiff was significantly limited by the condition. (Id. 14) Accordingly, Magistrate Judge Ellis found that the ALJ's determination with respect to these medical issues was supported by substantial evidence. (R&R 14.) This finding did not constitute clear error.

Regarding Plaintiffs ability to perform sedentary work, however, Magistrate Judge Ellis disagreed with the ALJ's findings. Two of Plaintiff's treating physicians opined that Plaintiff

4

lacked the Residual Functional Capacity ("RFC") to perform sedentary work. (Id. 14-15.)   The report of a claimant's treating physician is controlling if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).  Of particular interest are the documents pertaining to Dr. Edward Rachlin's examinations of Plaintiff.  Dr. Rachlin's clinical notes seem to suggest that, although Plaintiff certainly had continued pain from his back surgery, his condition was improving, even going so far as to say that Plaintiff walked with a "good gait" and had little problem sitting or walking. (See, e.g., A.R. 485.) Along with these documents, however, are three 2005 reports that Dr. Rachlin provided to Plaintiff's disability insurance company on which Dr. Rachlin checked a box stating that Plaintiff could not perform sedentary work activity. (A.R. 521-24)  Because of these apparent inconsistencies, the ALJ decided not to give controlling weight to these opinions, choosing instead to give more weight to the doctors' clinical notes.  (R&R 15-16.)  An ALJ, however, may not reject the opinion of a treating physician solely based on internal inconsistencies. Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998).  In addition, "[w]hile an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician." McBrayer v. Secretary of Health and Human Servs., 712 F.2d 795, 799 (2d Cir.1983). As a result, Magistrate Judge Ellis found that the ALJ improperly substituted her own opinion of the treating physicians' findings and determined that the ALJ's determination that Plaintiff was capable of performing sedentary work was not supported by substantial evidence.  (R&R 19.) This finding did not constitute clear error.

 Finally, the ALJ determined that Plaintiff could not only still perform his previous job as a stockbroker, but was capable of performing many other kinds of sedentary work under Medical

Vocational Guidelines Rules 201.21 and 201.28.  (Id.)  The use of these guidelines is only appropriate when the grids fully describe a claimant's physical limits and exertional and nonexertional impairments.  Martin v. Astrue, No. 07 Civ. 391, 2009 WL 2356118, at *13 (S.D.N.Y. July 30, 2009)  Magistrate Judge Ellis found that, although Plaintiff's hand, rectal, and adrenal issues were not severe, their existence and documentation precluded the use of the grids because Plaintiffs non-exertional impairments — his pain, weakness and fatigue — may have contributed significantly to Plaintiff's inability to work.  (Id. 20.)  As a result, Magistrate Judge Ellis found that "even if the ALJ's decision that Borus was capable of performing past relevant work was supported by substantial evidence, the Court would still order the case to be remanded for the ALJ to consider, with the aid of a vocational expert, whether [Plaintiff's] pain and fatigue are significant nonexertional impairments that limit[] the jobs he can perform in the national economy." (R&R 20.) This finding did not constitute clear error.

 Remand solely for the calculation of benefits is appropriate when a court finds persuasive proof of disability and no obvious basis to conclude that a more complete record might bolster the Commissioner's position.  Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980).  In addition, this sort of remand is particularly warranted where "a claimant has already waited a substantial amount of time since first applying for benefits." Basalmo, 142 F.3d at 82. Finding no basis for concluding that a more developed record would be helpful, Magistrate Judge Ellis recommended that this Court grant Plaintiff's motion and that the case be remanded solely for the calculation of benefits.  (R&R 21.) This finding did not constitute clear error.

## CONCLUSION

Finding no clear error in Magistrate Judge Ellis' analysis, the Court adopts Magistrate Judge Ellis' R&R in its entirety. Plaintiff's motion is, therefore, GRANTED, and the case REMANDED to the Social Security Administration solely for the calculation of benefits. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
       June 24, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Jeffrey David Delott
366 North Broadway, Suite 410
Jericho, NY 11753

John E. Gura, Jr.
U.S. Attorney's Office
86 Chambers Street
New York, NY 10007